956 F.2d 1174
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Diana S. LANDSBERGER, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3569.
 United States Court of Appeals, Federal Circuit.
 Feb. 24, 1992.
 
 Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Diana S. Landsberger appeals from the August 7, 1991 final decision of the Merit Systems Protection Board (Board), in Docket No. DC08318910330, reversing the June 21, 1989 Initial Decision of the Administrative Judge (AJ) and affirming the reconsideration decision of the Office of Personnel Management (OPM) which denied Landsberger's application for a lump-sum payment of retirement contributions made by her late husband. We affirm the Board's decision.
 
 OPINION
 
 2
 In 1967, prior to marrying petitioner, Philip D. Landsberger designated his mother, or in the event of her death, his sister, as the beneficiary to receive any lump-sum benefit which might become payable under the Civil Service Retirement Act upon Mr. Landsberger's death. Mr. Landsberger married the petitioner in 1973, and they had a daughter in 1979. As the Board found, however, there is no evidence that Mr. Landsberger ever filed a new designation of beneficiary form.
 
 
 3
 On June 22, 1987, Mr. Landsberger applied for immediate retirement, selecting September 3, 1987 as the effective date. On his retirement application, Mr. Landsberger elected to receive a reduced annuity in order to provide petitioner with a survivor annuity which would become payable upon Mr. Landsberger's death. However, because Mr. Landsberger died of lung cancer on October 15, 1987, before his retirement application had been finally adjudicated,[1] he was deemed to have elected to receive an alternative form of annuity, consisting of a lump-sum refund of all retirement contributions plus a current spouse annuity.[2] With respect to the lump-sum refund, Mr. Landsberger's 1967 designation of his sister as beneficiary (his mother having since died) took priority over petitioner's claim therefor.[3] Accordingly, OPM determined that petitioner was not entitled to a share of the lump-sum payment.
 
 
 4
 Petitioner urges that under principles of equity, we reverse the Board decision upholding OPM, and rule invalid the 1967 designation of Mr. Landsberger's sister as his beneficiary for the lump-sum payment. As the Board correctly stated, however,
 
 
 5
 [petitioner's] claim must fail because the statutory language does not afford OPM or the Board any discretion to award her and her daughter beneficiary status over another person designated as beneficiary in a form properly filed with OPM.
 
 
 6
 No matter how inequitable the situation may seem to petitioner, the applicable law simply affords no discretion to award benefits to one other than the properly designated beneficiary, in this case, Mr. Landsberger's sister. As the Board properly held, the AJ erred in considering evidence of Mr. Landsberger's intent that his widow and child receive the lump-sum benefit, rather than his sister. See Friedman v. Office of Personnel Management, 10 MSPR 395, 396-97 (1982).
 
 
 7
 Petitioner also contends that the Government failed to provide her late husband with adequate counseling and information necessary to make an informed election of retirement alternatives. Her argument appears to be that, based upon the inadequacy of the information it provided to Mr. Landsberger, the Government should now be estopped from enforcing the 1967 designation of his sister as beneficiary. We express no view as to the adequacy of the retirement counseling given to Mr. Landsberger, because the full Board made no findings on the matter. In any event, as the Supreme Court recently held, payments of Government benefits out of the Federal Treasury are limited to those authorized by statute, and erroneous advice given by the Government to a benefit claimant cannot estop the Government from denying benefits not otherwise permitted by law. Office of Personnel Management v. Richmond, --- U.S. ----, ----, 110 S.Ct. 2465, 2476 (1990). Accordingly, even assuming Mr. Landsberger received insufficient or erroneous advice as to his retirement alternatives, it is not in our power to award the lump-sum benefit to petitioner instead of to the properly designated beneficiary, Mr. Landsberger's sister.
 
 
 
 [1]
 The "date of final adjudication" is defined in 5 CFR 831.2202 (1991) as "the date 30 days after the date of the first regular monthly payment as defined in § 831.603." The latter section defines "first regular monthly payment" as "the first annuity check payable on a recurring basis ... after OPM has initially adjudicated the regular rate of annuity payable under CSRS and has paid the annuity accrued since the time of retirement." These events had not occurred as of the date of Mr. Landsberger's death
 
 
 [2]
 Pursuant to 5 CFR 831.2203(f), an annuitant who dies before the date of final adjudication is deemed to have made an affirmative election under paragraph (a) with a fully reduced annuity to provide a current spouse annuity, regardless of any election completed under § 831.607, and the lump-sum credit will be paid in accordance with the order of precedence established under 5 U.S.C. 8342(c)
 
 
 [3]
 Under 5 USC 8342(c) (1988), lump-sum benefits shall be paid
 in the following order of precedence, and the payment bars recovery by any other person:
 First, to the beneficiary or beneficiaries designated by the employee or Member in a signed and witnessed writing received in the Office before his death....